# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| MARIE BROWN, | \* | |
| | \* | No. 18-786V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: April 9, 2021 |
| | \* | |
| SECRETARY OF HEALTH | \* | Damages; decision based on proffer; |
| AND HUMAN SERVICES, | \* | influenza ("flu") vaccination; |
| | \* | Guillain-Barré Syndrome ("GBS"). |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

Leah Durant, Law Offices of Leah Durant, PLLC, Washington, DC, for Petitioner;
Kimberly Davey, U.S. Department of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING DAMAGES**[1]

On June 4, 2018, Marie Brown filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that the influenza ("flu") vaccination caused her to suffer Guillain-Barré Syndrome ("GBS"). On May 8, 2020, the undersigned issued a Ruling on Entitlement, concluding that petitioner is entitled to compensation under the Vaccine Act.

On April 1, 2021, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer, with Tab A, the court awards petitioner:

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

1. **A lump sum payment of $208,277.05, representing compensation for life care expenses expected to be incurred during the first year after judgment ($25,126.35), pain and suffering ($180,000.00), and past unreimbursable expenses ($3,150.70), in the form of a check payable to petitioner, Marie Brown; and**

2. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the attached Proffer (attached as Appendix A), that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A (attached as Appendix B), paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Marie Brown, only so long as Marie Brown is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 18-786V according to this decision and the attached proffer.[2]

Any questions may be directed to my law clerk, Jason Wiener, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.