# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| MARIE BROWN, | * | |
| | * | No. 18-786V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: July 28, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner;
Kimberly S. Davey, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Marie Brown's motion for final attorneys' fees and costs. She is awarded **$84,782.29**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On June 4, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on June 5, 2015, caused her to suffer Guillain-Barré syndrome ("GBS"). Although petitioner alleged a table injury within the appropriate range of onset dates, respondent, replying upon the reports of two experts, proposed alternative causes to petitioner's GBS. Petitioner filed a motion for a ruling on the record and summary judgment on October 14, 2019, and after the parties submitted briefing, the undersigned issued his ruling on entitlement on May 8, 2020, finding petitioner to be entitled to compensation for her alleged table injury. 2020 WL 3833398. Thereafter, the parties engaged in settlement negotiations and on April 1, 2021, the parties filed a proffer, which the undersigned adopted as his decision awarding compensation on April 9, 2021. 2021 WL 1712439.

On October 20, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App.").[2] Petitioner requests attorneys' fees of $73,909.40 and attorneys' costs of $15,815.82 for a total request of $89,725.22. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs totaling $11.81 related to the prosecution of her case. Id. On October 14, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on October 21, 2021, reiterating his belief that the requested fees and costs are reasonable.

\*   \*   \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

---

[2] Petitioner first filed a motion for attorneys' fees and costs on October 12, 2021. On October 20, 2021, petitioner filed a motion to amend and correct her original fees motion to include costs incurred for her life care planner. Petitioner's motion to amend is granted and the documents filed on October 20 shall be construed as the operative motion in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

 Petitioner requests the following hourly rates for the work of his counsel: for Ms. Leah Durant, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, and $420.00 per hour for work performed in 2021; and for Mr. Mike Milmoe, $455.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, and $484.00 per hour for work performed in 2020. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Culp v. Sec'y of Health & Human Servs., No. 18-1315V, 2020 WL 4199040, at *2 (Fed. Cl. Spec. Mstr. Apr. 24, 2020).

3

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and the billed hours are largely reasonable. However, there is a general issue of vagueness throughout many of the descriptions of work. Examples include the following billing entries: on April 11, 2018, Ms. Durant billed 3.5 hours to "Analyze medical records and articles received from consultant (entitlement). Review/revise case assessment." Fees App. Ex. 1 at 2. It would be helpful to the undersigned if the billing entry described which particular records and articles were being reviewed. On May 11, 2018, Ms. Durant billed 3.5 hours to "Obtain and review materials, files and documents from client (substantial). Revise medical chronology." Again, it would be helpful if Ms. Durant provided some indication as to the nature of what she was reviewing in order for the undersigned to determine whether 3.5 hours was a reasonable amount of time to expend on that review. On August 7, 2018, Ms. Durant billed 3.0 hours to "Coordinate with client. Review/evaluate key facts/evidence. Conduct legal research (entitlement). Determine strategy."

The issue of vagueness also extends to entries for communication with petitioner. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, several billing entries concerning communication do not contain any indication of the topic of that communication, (e.g., multiple entries billed for 0.4 hours for "client call") making it difficult for the undersigned to determine whether such communication was necessary and reasonable. Other communication entries contain slightly more information but still are still vague overall (e.g., "Client call. Provide litigation update" or "Client call. Respond to questions."). All those descriptions provide is an indication that case work was the subject to the communication. Entries describing with greater specificity the topic of discussion would make it easier for the undersigned to assess whether the amount of time spent on the topic of the communication was reasonable and necessary. Taken as a whole, the undersigned finds that the amount of communication with petitioner appears slightly excessive and insufficiently documented.

4

Accordingly, the undersigned finds that a five percent reduction to the attorneys' fees is necessary to achieve "rough justice.' See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is awarded final attorneys' fees of $70,213.93.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $15,815.82 in attorneys' costs. This amount is for acquisition of medical records, professional review of those records, the Court's filing fee, postage, work performed by petitioner's life care planner, Ms. Roberta Hurley, and travel costs associated with a site visit. Fees App. Ex. 2, at 2. Although the hours billed my Ms. Hurley are reasonable, her hourly rate of $150.00 per hour for all work performed in this case is not. Previously, the undersigned and other special masters have compensated Ms. Hurley's work at $125.00 per hour. See Shahbazian v. Sec'y of Health & Human Servs., No. 18-1580V, 2021 WL 5027384, at *2 (Fed. Cl. Spec. Mstr. Sept. 29, 2021). Although Ms. Hurley's rate need not remain static forever, the undersigned notes that in other cases, such as Shahbazian, Ms. Hurley billed time in 2020 at $125.00 per hour.[3] Additionally, petitioner has not submitted any information supporting a rate increase for Ms. Hurley or provided any instances of this Court previously awarding her $150.00 per hour. Accordingly, the undersigned will reimburse Ms. Hurley's time in this case at $125.00 per hour – a reasonable amount for her work is $6,296.33.

Petitioner has provided adequate documentation supporting the remainder of the requested costs and they appear reasonable in the undersigned's experience. Petitioner is therefore awarded $14,556.55 in attorneys' costs and $11.81 in petitioner's costs.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

---

[3] Because Shahbazian was the undersigned's case, the undersigned was able to verify that Ms. Hurley billed work in 2020 at $125.00 per hour in that case.

1) a total of **$84,770.48** (representing $70,213.93 in attorneys' fees and $14,556.55 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Ms. Leah Durant; and

2) a total of **$11.81** as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.